IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roger Bradley, | C/A No.: 0:20-747-JFA-PJG |
| Plaintiff, | |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| Guardian Industries; Guardian Glass, LLC, | |
| Defendants. | |

## I.     INTRODUCTION

Plaintiff Roger Bradley ("Plaintiff" or "Bradley") filed this action against his current employer, Guardian Glass, LLC ("Guardian Glass" or "Defendants"), and a related entity[1]. Plaintiff's action raises claims of a racially hostile work environment, disparate treatment based on race, and retaliation under Title VII of the Civil Rights Act of 1964. (ECF No. 1).

All pretrial proceedings in this case, including the instant motion for summary judgment (ECF No. 22), were referred to a Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge

---

[1] At the outset of her analysis, the Magistrate Judge observed that Bradley does not dispute the assertion that Guardian Industries does not employ Bradley. (Def.'s Mem. Supp. Summ. J., ECF No. 22-1 at 1; Def.'s Answers to Local Rule Interrog. Resps., ECF No. 7). *See* Local Civ. Rule 26.02(E) (D.S.C.) ("Responses pursuant to Local Civ. Rules 26.01, 26.03 (D.S.C.) may be relied on and used in the same manner as discovery responses obtained under the Federal Rules of Civil Procedure."). Accordingly, the Court agrees with the Report's disposition that Guardian Industries is entitled to summary judgment on Bradley's Title VII claims. See 42 U.S.C. §§ 2000e-2(a), 2000e(b) (providing that Title VII's prohibition on discrimination applies only to "employers" and defining the term). The Magistrate Judge

assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant Defendants' motion for summary judgment with respect to Plaintiff's claims. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff timely filed objections to the Report. (ECF No. 30). Defendants filed their reply. (ECF No. 31). Thus, this matter is ripe for review.

## II.     BACKGROUND

The following facts are either undisputed or are taken in the light most favorable to Bradley, to the extent they find support in the record. Bradley works at Guardian Glass, LLC ("Guardian Glass") as a maintenance technician at its plant in Richburg, South Carolina. Bradley was originally hired in April 2016 by maintenance supervisor Keith Bertling and assigned to work on one of four crews at the plant—"C-Crew," which was supervised by Eddie Oliver. Bradley is African American and Bertling and Oliver are Caucasian.

Guardian Glass maintains a Code of Conduct for employees that forbids unfair treatment by or directed to any employee that is based on or motivated by race, among other protected characteristics. The Code of Conduct also provides avenues for employees to raise concerns about violations of the code and forbids retaliation against employees

---

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

who raise concerns about discrimination or harassment. Additionally, Guardian Glass maintains a separate Policy Against Discrimination and Harassment that prohibits race discrimination and harassment, explains what harassment is, and provides multiple avenues through which employees can report suspected discrimination or harassment.

Sometime between April and June 2017, Oliver sought to make Bradley a "fill-in supervisor" for C-Crew. As implied in its name, a fill-in supervisor is an informal role wherein a maintenance technician will fill in for supervisors who are absent from work. When Oliver informed Bradley that Oliver wanted Bradley to become a fill-in supervisor, he made a comment that Bradley considered violent and racist. Oliver stated that his grandfather was the grandmaster of the Ku Klux Klan and, back then, "it wasn't nothing to see you people hanging from trees." (Bradley Dep., ECF No. 22-2 at 26). Bradley was scared by Oliver's statement and felt threatened. Bradley asked Oliver why he made the statement and Oliver answered, "I want you to know I'm not a racist." (*Id.* at 29).

Bradley reported the comment to fellow employee Matt Hall, who raised the incident to management, including human resources business manager Lance Clarke and assistant plant manager Marcus Wilkes. Clarke addressed the incident with Oliver. Oliver told Clarke that he made the comment but explained that he did so to show that he was not proud of his family's history and did not share his grandfather's views. Clarke counseled Oliver about how such comments are inappropriate in the workplace, reminded him of Guardian Glass's Policy Against Discrimination and Harassment, and informed him that similar behavior would result in disciplinary action, up to and including termination. Clarke documented the counseling and placed it in Oliver's personnel file. Clarke also spoke to

Bradley about Oliver's comment. Clarke asked Bradley how he wanted the company to respond to the incident and whether Bradley wanted to change crews, but Bradley answered that he felt comfortable continuing to work with Oliver on C-Crew. Guardian Glass then considered the issue resolved, Bradley never reported any similar conduct by Oliver, and, shortly thereafter, Bradley became the fill-in supervisor for C-Crew.

On January 31, 2018, Josh Demby transferred from a different crew to C-Crew. Demby is Caucasian and was the fill-in supervisor for his previous crew. In February 2018, Oliver informed Bradley that Demby would replace him as the fill-in supervisor on C-Crew but Oliver did not explain the decision to Bradley. Bradley did not know who made the decision but believed his reporting of Oliver's comment was the cause for the change. The decision to replace Bradley with Demby was made by maintenance supervisor Keith Bertling. Human resources business manager Lance Clark declares under penalty of perjury that Demby was named as the fill-in supervisor for C-Crew because he had more experience with the company and as a fill-in supervisor than Bradley. Demby began working for Guardian Glass approximately four and one half years before Bradley and became a fill-in supervisor approximately two and one half years before Bradley. In July 2018, Demby was promoted, and shortly thereafter, Bradley was again made the fill-in supervisor for C-Crew.

Also in July 2018, Guardian Glass placed Bradley on paid administrative leave while Bradley was investigated for stealing a tool from the plant. Guardian Glass contracts with another company, Northern Packaging, to build shipping boxes in a secluded area of the Richburg Plant. Two Northern Packaging employees noticed that a tool went missing

4

from their area of the plant and informed maintenance supervisor Keith Bertling that the incident was captured on video. Bertling watched the video, which showed Bradley walking into the Northern Packaging part of the plant with nothing in his hands and then leaving with an object in his right hand. Guardian Glass put Bradley on administrative leave pending an investigation. Bradley admitted that he entered the Northern Packaging area with nothing in his hands but left with something in his hand. After investigating the incident, Guardian Glass determined that the video footage was inconclusive as to Bradley's culpability for the missing tool and allowed Bradley to return to work without taking any disciplinary action. Bradley returned to work in mid-August 2018 after requesting a few more days off, which was granted, and Bradley continues to work at Guardian Glass.

Bradley brings this action pursuant to Title VII raising claims of a racially hostile work environment, disparate treatment based on race, and retaliation.

### III.   LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate Judge, this

court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

## IV.     DISCUSSION

Plaintiff asserts three claims pursuant to Title VII: (1) a racially hostile work environment; (2) disparate treatment based on race; and (3) retaliation. (ECF No 1). In the Report, the Magistrate Judge first observed that Bradley's hostile work environment claim fails as a matter of law because liability cannot be imputed to Guardian Glass. An employer is liable under Title VII for coworkers who create a hostile work environment if the employer knew or should have known of the harassment and failed to take prompt remedial action reasonably calculated to end the harassment. *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 333-34 (4th Cir. 2003); *Amirmokri v. Balt. Gas & Elec. Co.*, 60 F.3d 1126, 1131 (4th Cir. 1995). The United States Court of Appeals for the Fourth Circuit has held that when an employer's remedial action causes the end of the unlawful harassment, no liability may be imputed to the employer. *Bazemore v. Best Buy*, 957 F.3d 195 (4th Cir. 2020); *Spicer v. Commonwealth of Va. Dep't of Corrs.*, 66 F.3d 705, 711 (4th Cir. 1995) ("When presented with the existence of illegal conduct, employers can be required to respond promptly and effectively, but when an employer's remedial response results in the cessation of the complained of conduct, liability must cease as well."); *see also Mikels v. City of Durham, N.C.*, 183 F.3d 323, 330 (4th Cir. 1999) (stating that the Fourth Circuit has given great weight to the fact that a particular response was demonstrably adequate to cause cessation of the conduct in question) (citing *Spicer*, 66 F.3d 705, and *Swentek v.*

7

*USAIR, Inc.*, 830 F.2d 552, 558 (4th Cir. 1987)). Here, Guardian Glass took effective remedial action to ensure no similar conduct occurred again and there is no dispute on the record that the conduct ended. Because Guardian Glass met its obligations under the law by putting an end to the conduct, the Magistrate Judge concluded that Plaintiff's hostile work environment claim fails as a matter of law.

Turning her attention to the merits of Plaintiff's claims for discrimination, the Magistrate Judge concluded Bradley cannot establish a *prima facie* case of race discrimination. Plaintiff claims he was subjected to race discrimination when (1) a Caucasian employee replaced him as the fill-in supervisor on C-Crew (ECF No. 1 at ¶ 9), and (2) he was placed on paid administrative leave while Guardian Glass investigated a missing tool. (*Id*. at ¶¶ 11-12). The Magistrate Judge opines that Bradley cannot establish a *prima facie* case of race discrimination with respect to his placement on paid administrative leave during the stolen tool investigation because Plaintiff puts forth no evidence that the paid leave affected his employment status. Bradley was paid while he was on leave and returned to his same job without any changes to his responsibilities or pay, and without any disciplinary action taken against him. *See Nzabandora v. Rectors & Visitors of Univ. of Va.*, 749 F. App'x 173, 175 (4th Cir. 2018) (finding that the plaintiff's placement on paid leave pending an investigation into her alleged misconduct was not an adverse employment action and could not support a disparate treatment claim under Title VII) (citing *Jones v. Se. Pa. Transp. Auth.*, 796 F.3d 323, 326 (3d Cir. 2015)).

Additionally, to the extent Bradley's discrimination claim is based on allegations of disparate discipline, the Magistrate Judge concluded Bradley failed to identify a

comparator that was treated differently in a similar situation. *See generally Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223-24 (4th Cir. 2019) ("[T]o establish a valid comparator, the plaintiff must produce evidence that the plaintiff and comparator dealt with the same supervisor, were subject to the same standards and engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.") (internal quotation marks and alterations omitted) (quoting *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010)).

For his retaliation claims, Plaintiff relies on the same purported adverse employment actions cited to support his discrimination claims. The Magistrate Judge further determined that because Bradley made no argument in opposition to Defendants' motion for summary judgment as to his retaliation claim, he has abandoned that claim.

The Court considers Plaintiff's objections to the Report relevant to each of the claims below.

### a. Hostile Work Environment

Plaintiff raises three objections to the Report's recommendation that his hostile work environment claim should be dismissed: (1) the Magistrate Judge erred in applying the "severe or pervasive" standard by using the conjunctive "and" in a footnote; (2) the Magistrate Judge erred in relying on an unrefuted, sworn declaration from Defendants' Human Resources Business Partner because it was not "corroborated" and because it was prepared during litigation; and (3) the Magistrate Judge erred in determining Plaintiff failed to provide sufficient evidence that the comment at issue was made by a supervisor such

9

that it could be imputed to Defendants, an argument Plaintiff raises for the first time before this Court. The Court considers Plaintiff's objections in turn.

Plaintiff's objections first posit that the Magistrate Judge applied the wrong standard in recommending dismissal of his hostile work environment claim. (ECF No. 30 at 1-3). Specifically, Plaintiff claims the Magistrate Judge erred by stating at one point in the Report that the conduct at issue in this case was not sufficiently "severe *and* pervasive." (ECF No. 30 at 1). This is a distinction without a difference as it is immaterial to the ultimate finding that Plaintiff's claim fails as a matter of law. While the Report does mention "severe and pervasive" in a footnote (ECF No. 27 at 7 n.3), it does so only to note that the Magistrate Judge did not need to address "*defendants' argument*" regarding that element because of its finding that Plaintiff cannot satisfy another required element of a hostile work environment claim. (*Id*., emphasis added). In other words, the Report's recommendation is not based on a finding that the single comment at issue was not sufficiently severe or pervasive. Instead, the Magistrate Judge recommended dismissal because Plaintiff cannot establish that the conduct is imputable to Defendants based on the remedial action it took to stop the behavior. (*Id*. at 9-10). Overall, given that the Report's recommendation is not based on the severe or pervasive element, Plaintiff's objection is irrelevant and the Magistrate Judge correctly recommended that Defendants are entitled to summary judgment as to this issue.

Plaintiff's objections next contend Defendants cannot "corroborate" that Eddie Oliver ("Oliver") was admonished for making the comment. (ECF No. 30 at 3-4). However, there is no requirement that Defendants otherwise "corroborate" the unrefuted,

sworn declaration of their Human Resources Business Partner, Lance Clarke, evidencing how he admonished Oliver for the comment and properly authenticating a document from Oliver's personnel file reflecting same. Plaintiff's inability to refute or otherwise challenge this evidence is no reason to create a new evidentiary standard requiring that every fact be both proven and then "corroborated" by additional evidence. Accordingly, the Court has considered Plaintiff's objection and finds it unpersuasive.

Finally, Plaintiff argues for the first time in his objections that the alleged harassing comment should be imputed to Defendants simply because Oliver had a job title of "supervisor." (ECF No. 30 at 4). The Magistrate Judge correctly determined there is no evidence in the record to prove that Oliver meets the legal standard to be deemed a "supervisor" for purposes of imputing liability to Defendants. Plaintiff's newfound argument thus misses the mark. Accordingly, the Court rejects Plaintiff's objection and adopts the Report's finding that the conduct is not imputable to Defendants because they took effective remedial action that resulted in the complained-of behavior ceasing. (ECF No. 27 at 9-10).

### b. Race Discrimination and Retaliation

In the Report, the Magistrate Judge determined Plaintiff cannot establish a *prima facie* case of race discrimination. This Court agrees. As to his retaliation claim, Plaintiff made no argument in opposition to Defendants' motion for summary judgment as to that claim. The Court therefore agrees with the Magistrate Judge's assessment that Plaintiff has abandoned it. *See Eady v. Veolia Transp. Servs., Inc.*, 609 F. Supp. 2d 540, 560-61 (D.S.C.

2009) ("The failure of a party to address an issue raised in summary judgment may be considered a waiver or abandonment of the relevant cause of action.").

Moreover, Plaintiff's objections are directed only at the Report's recommendation that his hostile work environment claim should be dismissed. Consequently, Plaintiff waives any future judicial consideration of his race discrimination and retaliation claims. *See Hoffman v. Tuten*, 446 F. Supp. 2d 455, 472 (D.S.C. 2006) (when a party objects to part, but not all, of a magistrate's report and recommendation, appellate review is waived as to the portion to which no objections are raised). Additionally, given Plaintiff's failure to respond to these key findings and recommendations, the Court is not required to give any explanation for adopting the Report. *Weber v. Aiken-Partain*, 2012 WL 489148, at *1 (D.S.C. Feb. 15, 2012), *aff'd*, 474 F. App'x 288 (4th Cir. 2012). ("[I]n the absence of specific objections to the [Report], this Court is not required to give any explanation for adopting the recommendation."). Accordingly, the Court adopts the Magistrate Judge's recommendation that Plaintiff's race discrimination and retaliation claims should be dismissed with prejudice.

While it appears that Plaintiff's objections attempt to incorporate by reference all of the arguments raised in Plaintiff's Opposition to Defendants' Motion for Summary Judgment (ECF No. 30 at 4-5), doing so is insufficient to dispute the findings of the Report. These issues were correctly considered by the Magistrate Judge and this Court will not address the issues a second time.

## V.      CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, the Court adopts the Report and Recommendation in full. (ECF No. 27). For the reasons stated above, Defendants' motion for summary judgment (ECF No. 22) is granted and Plaintiff's claims are dismissed with prejudice.

IT IS SO ORDERED.

August 17, 2021
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

13